IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CAMILLE COLLINS, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 22-318-CFC |
| | : |
| GOODWILL OF DELAWARE AND DELAWARE COUNTY, | : |
| | : |
| Defendant. | : |

Camille Collins, Camden-Wyoming, Delaware. Pro Se Plaintiff.

**<u>MEMORANDUM OPINION</u>**

June 30, 2022
Wilmington, Delaware

**CONNOLLY, Chief Judge:**

Plaintiff Camille Collins appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6) She commenced this action on March 11, 2022. (D.I. 1) The Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I. BACKGROUND

The following facts are taken from the Complaint and assumed to be true for screening purposes. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). Plaintiff filed this action alleging employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*. (D.I. 1)

Plaintiff was employed by Defendant Goodwill of Delaware and Delaware County. She alleges discrimination by reason of her race and color. She alleges Defendant failed to pay equivalent monetary compensation for janitorial work performed, that Defendant conspired with an external partner and made false allegations of sexual harassment against her after she reported the lack of pay issue, that Defendant failed to promote her, and that her employment was terminated on October 19, 2018. The Complaint states that the EEOC issued a Notice-of-Right-to-Sue letter received by Plaintiff on November 29, 2021. (D.I. 2 at 2) The Complaint was filed on March 11, 2022.

## II. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir.

1

2013). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief can be granted pursuant to the screening provisions of 28 U.S.C. § 1915(e)(2)(B), the Court must grant Plaintiff leave to amend the complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell*

2

*Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) assume the veracity of any well-pleaded factual allegations and then determine whether those allegations plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

3

## III. DISCUSSION

Plaintiff did not provide the Court with a copy of her right to sue letter from the EEOC, that as alleged, was received by Plaintiff on November 29, 2021. Plaintiff commenced this action on March 11, 2022, 102 days later. A claim brought under Title VII must be filed within ninety days of a plaintiff's receipt of the notice of suit rights letter. See 42 U.S.C. § 2000e–5 (f)(1); *McGovern v. City of Phila.*, 554 F.3d 114, 115 n.1 (3d Cir. 2009). While statute of limitations ordinarily must be raised as an affirmative defense, and is subject to principles of waiver if not timely asserted, a district court has authority to dismiss an *in forma pauperis* complaint *sua sponte* under § 1915(e) if the limitations defense is obvious from the complaint, and if no development of the factual record is required. See *Carter v. Keystone*, 360 F. App'x 271, 272-73 (3d Cir. 2010) (affirming *sua sponte* dismissal of Title VII action when face of complaint plainly indicated complaint was filed well after expiration of ninety-day period to bring suit). Hence, based upon the allegations, the Complaint was not timely filed. See *Edwards v. Bay State Mill. Co.*, 519 F. App'x 746, 748 (3d Cir. 2013) (Title VII claims dismissed when employee failed to file employment discrimination complaint within 90 days of receiving EEOC notice of right to sue as required under Title VII).

Accordingly, the Court will dismiss the Complaint as time-barred pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## IV. CONCLUSION

For the above reasons, the Court will: (1) dismiss the Complaint as time-barred pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Amendment is futile.

An appropriate Order will be entered.